# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Oluro Olukayode,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>UnitedHealth Group, Optum, Inc., and The Advisory Board Company,<br><br>　　　　　　Defendants. | Case No. 19-cv-1101 (DSD/HB)<br><br>**ORDER** |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on Plaintiff Oluro Olukayode's Motion for Equitable Tolling [Doc. No. 97]. Plaintiff asks the Court to equitably toll a Fair Labor Standards Act (FLSA) statute of limitations, 29 U.S.C. § 255, for the period of time between October 28, 2019, when this Court granted Plaintiff's renewed motion for conditional certification, and January 29, 2020, when the District Court affirmed this Court's decision. The Court finds that Plaintiff has not, at this time, met his burden to justify equitable tolling and denies the motion without prejudice.

## I.     Background

Plaintiff brought this FLSA collective action individually and on behalf of other similarly situated individuals against Defendants UnitedHealth Group, Optum, Inc., and The Advisory Board Company. Plaintiff claims that Defendants improperly classified

1

him and other consultants as independent contractors and did not pay them overtime for hours worked in excess of 40 hours per week.

Plaintiff filed his first motion for conditional certification [Doc. No. 24] on June 10, 2019. The Court denied that motion without prejudice upon finding that Plaintiff's factual showing was deficient. (Order at 4–8, July 31, 2019 [Doc. No. 49].) Plaintiff filed a second motion for conditional certification on August 29, 2019 [Doc. No. 57], which the Court granted in part and denied in part on October 28, 2019 [Doc. No. 87]. The Court limited "conditional certification to individuals who, either in their individual capacity or through their business entity, signed contracts to work as independent contractors providing [at-the-elbow] services for Defendants prior to September 15, 2018." (Order at 16, Oct. 28, 2019 [Doc. No. 87].) Defendants appealed and objected to the Order. [Doc. No. 89.] The Honorable David S. Doty, United States District Judge, overruled the appeal and objections and directed the parties to comply with an order issued on November 18, 2019, concerning a joint proposed notice to be sent to individuals in the conditionally certified class. (Order at 12, Jan. 29, 2020 [Doc. No. 95]; *see* Order at 1–2, Nov. 18, 2019 [Doc. No. 92] (directing Plaintiff's counsel to send notice to potential opt-in plaintiffs within fourteen days of the District Court's ruling on the appeal and objection).)

On February 6, 2020, Plaintiff filed the motion for equitable tolling of the collective action members' claims for the time period between October 28, 2019, and January 29, 2020. Plaintiff contends the collective action members were not aware of their claims during those three months and thus were not able to opt into the case, yet the

statute of limitations on their claims continued to run. (Pl.'s Mem. Supp. Mot. Tolling at 1 [Doc. No. 99].) Plaintiff submits that because the conditionally-certified collective is limited to consultants who signed contracts before September 15, 2018, only about five months remain for members to opt into the suit. (*See* Pl.'s Mem. Supp. Mot. Tolling at 1–2, 4–5 [Doc. No. 99].) Defendants oppose the motion.

## II. Discussion

A suit under the FLSA must "be commenced within two years after the cause of action accrued," unless the alleged violation was "willful." 29 U.S.C. § 255(a). An action is considered "commenced on the date when a complaint is filed," 29 U.S.C. § 256(a), but for a party in a collective action who is not named on the face of the complaint, the action commences when he or she files a written consent to join the action, *id.* § 256(b). As a result, the statute of limitations continues to run until a putative class member elects to join the suit by filing a written consent. *See* 29 U.S.C. § 255.

"The doctrine of equitable tolling permits a plaintiff to 'sue after the statutory time period has expired if he has been prevented from doing so due to inequitable circumstances.'" *Pecoraro v. Diocese of Rapid City*, 435 F.3d 870, 875 (8th Cir. 2006) (quotation omitted). Equitable tolling of a statute of limitations is a "limited and infrequent form of relief." *Smithrud v. City of St. Paul*, 746 F.3d 391, 396 (8th Cir. 2014). "The party who is claiming the benefit of an exception to the operation of a statute of limitations bears the burden of showing that he is entitled to it." *Wollman v. Gross*, 637 F.2d 544, 549 (8th Cir. 1980). The party seeking equitable tolling must

3

establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (quotation omitted).

Plaintiff argues that equitable tolling is warranted because the collective action members presumably were unaware of their rights under the FLSA and were prevented from opting into this case earlier through no fault of their own, but as a result of the delay in notice being sent. (Pl.'s Mem. Supp. Mot. Tolling at 3.) Defendants respond that neither Plaintiff nor any other collective action member have shown that they diligently pursued their rights or that extraordinary circumstances prevented them from timely joining this action. (Def.'s Mem. Opp'n at 11 [Doc. No. 103].)

The relevant question is not whether *Plaintiff* diligently pursued his rights—because Plaintiff is not seeking to toll the statute of limitations as it applies to him—but whether the *potential plaintiffs* have diligently pursued their rights, for they are the individuals the statute of limitations potentially could adversely affect. Plaintiff makes no more than a passing mention of diligence in his memorandum to answer this question, however. Plaintiff has not demonstrated that potential plaintiffs have diligently pursued their rights or that the claims of any potential plaintiff will actually be barred by the statute of limitations. This may be because notice was only recently communicated to the potential plaintiffs or because the statutory limitations period has not yet expired for any opt-in plaintiff. In any event, the Court finds that Plaintiff has not, at this time, met his burden to show diligence and therefore will deny his motion without prejudice.

At least three other judges in this District have ruled likewise. In *Ortiz-Alvarado v. Gomez*, No. 14-cv-209 (MJD/SER), 2014 WL 3952434, at *8 (D. Minn. Aug. 13,

2014), the plaintiffs asked to equitably toll the statute of limitations from the date they filed their motion for conditional certification to a date 90 days after the potential plaintiffs received notice of the suit. The court advised the plaintiffs it could not issue an "informed ruling" at that time because the issue was premature and it was not clear whether tolling would actually impact any potential plaintiff's claims. *Id.* The court denied the motion without prejudice and advised the plaintiffs to file a new motion if equitable tolling "would apply to particular plaintiffs and if their application is supported by facts in the record." *Id.* Similarly, in *Ahle v. Veracity Research Co.*, No. 09-cv-00042 (ADM/RLE), 2009 WL 3103852, at *7 (D. Minn. Sept. 23, 2009), the court declined to decide the issue of equitable tolling at the time it granted conditional certification because of the early stage of the case and the uncertainty about whether tolling would actually affect the timeliness of any opt-in plaintiffs' claims. Finally, in *Vallone v. CJS Solutions Group, LLC*, No. 19-cv-1532 (PAM/DTS), 2020 WL 568889, at *3 (D. Minn. Feb. 5, 2020), the court denied without prejudice the plaintiffs' motion for equitable tolling and advised the opt-in plaintiffs to re-raise the issue if the statute of limitations became relevant to their claims.

The Court finds the above authority persuasive. Given that Plaintiff has not made a showing of diligence as to any particular opt-in plaintiff, nor has Plaintiff shown that tolling would actually impact any potential plaintiff's claims, the Court will deny the motion, without prejudice. Plaintiff may refile the motion if the doctrine of equitable tolling would apply to a particular plaintiff. In light of this ruling, the Court does not

reach the question of whether extraordinary circumstances precluded potential plaintiffs from timely joining the action.

Accordingly, based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Oluro Olukayode's Motion for Equitable Tolling [Doc. No. 97] is **DENIED WITHOUT PREJUDICE**.

Dated: March 27, 2020       s/ *Hildy Bowbeer*
HILDY BOWBEER
United States Magistrate Judge